**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**Surjit SINGH, Defendant—Appellee.**

No. 02–10053.

D.C. No. CR–01–00237–WBS–02.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Decided Nov. 26, 2002.

Before B. FLETCHER, ARNOLD* and RAWLINSON, Circuit Judges.

MEMORANDUM**

The district court, ruling without benefit of the United States Supreme Court's recent ruling in *United States v. Drayton*, —— U.S. ——, 122 S.Ct. 2105, 153 L.Ed.2d 242 (2002), clearly erred in granting Surjit Singh's ("Singh") motion to suppress. Given the absence of coercive behavior by the investigating law enforcement officer, Singh voluntarily opened the door to his roomette. *See United States v. Cormier*, 220 F.3d 1103, 1109 (9th Cir.2000).

Similarly, the Fourth Amendment was not implicated by Agent Delaney's questioning of Singh. *See Drayton,* 122 S.Ct. at 2110. Agent Delaney did not threaten force, speak in an authoritative tone, block the roomette's doorway, or order Singh to answer his questions. Agent Delaney's conduct in no way transformed the consensual encounter in the sleeping car into a Fourth Amendment seizure. *See id.* at 2111–13. Singh and his co-defendant, Steven Pineda, therefore, voluntarily consented to Agent Delaney's request to search their roomette and their backpacks. *See id.* at 2113.

**REVERSED.**

B. FLETCHER, Circuit Judge, concurring.

I concur in the majority's disposition. I write separately to commend the district court for its thoughtful analysis of the factors that led to its conclusion that the evidence should be suppressed because Singh had not consented to the search.

---

* The Honorable Richard S. Arnold, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court did not have the benefit of the Supreme Court's opinion in *United States v. Drayton*, —— U.S. ——, 122 S.Ct. 2105, 153 L.Ed.2d 242 (2002), that was decided a few months after its ruling and that compels our reversal.

At a common-sense level, I note that the precedents force us to indulge in fictions as we determine the answers to such questions as, "Did the defendant feel free to leave or to refuse consent?" Were we to present the facts to one hundred psychologists, I venture that one hundred would answer "no" to both questions.